UNITED STATES of America, Plaintiff,

v.

Thomas D. GAERTNER, Joseph M. Barber, Gerald W. Wills, Jeffrey Schroedetz, George Jenich, Dennis Cyrus and Thomas Blank, Defendants.

No. 77-CR-28.

United States District Court,
E. D. Wisconsin.

May 4, 1977.

William J. Mulligan, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Paul E. Feldner, Milwaukee, Wis., for Thomas Gaertner.

David A. Melnick, Milwaukee, Wis., for Joseph Barber.

Franklyn M. Gimbel, Milwaukee, Wis., for Gerald Wills.

William U. Burke, Milwaukee, Wis., for Jeffrey Schroedetz.

Henry G. Piano, John Carter, Milwaukee, Wis., for George Jenich.

John D. Murray, Milwaukee, Wis., for Dennis Cyrus.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The indictment in this action charges one or more of the defendants with conspiracy, possession with intent to distribute and distribution of marijuana, interstate travel in aid of racketeering enterprises, and supervising a continuing criminal enterprise. The defendants have filed more than 30 motions requesting severance, dismissal or election of counts of the indictment, discovery and inspection, disclosure of exculpatory materials, disclosure of electronic surveillance, bills of particulars, extensions of time for filing pretrial motions, and appointment of an investigator.

I believe that the requests for disclosure of the existence of electronic surveillance and for the appointment of an investigator should be granted. The remaining motions will be denied or dismissed.

## I. SEVERANCE

The defendants Cyrus, Wills, Barber, and Jenich have each moved to sever their trials from that of the other defendants. They claim variously that they will be prejudiced at a joint trial in their inability to call co-defendants as witnesses, by supposed confusion in jurors' minds from the presence of many defendants and conspiracy charges, and by the effect of the extensive criminal records of certain co-defendants. Mr. Barber's attorney also asserts that he will be called as a prosecution witness as to some other defendants, causing his client prejudice if tried jointly with these individuals.

■ Severance is a matter within the trial court's discretion. Severance is not required as to some defendants because the prior criminal record of other defendants may be revealed at trial. *United States v. Robinson*, 503 F.2d 208, 215 (7th Cir. 1974). "[T]here is no absolute requirement for a severance when defendants suggest that the testimony of a co-defendant is not available to them unless they are tried separately. The unsupported possibility that such testimony might be forthcoming does not make the denial of a motion for severance erroneous." *United States v. Kahn*, 381 F.2d 824, 841 (7th Cir. 1967). If Mr. Barber's counsel faces the described conflict, he may seek to withdraw as counsel, or pursue other alternatives. This action has not yet been set for trial.

For the above reasons, I find that the severance motions must be denied.

## II. DISMISS—MULTIPLICITY

■ The defendants Wills and Gaertner have moved to dismiss or elect among count I and counts II, IV, VIII, and X on the ground that they are multiplicitous. This argument is meritless. Count I charges a conspiracy to violate 21 U.S.C. § 841 and 18 U.S.C. § 1952. Counts II, IV, VIII, and X charge violations of 18 U.S.C. § 1952(a)(3), that is interstate travel in aid of racketeering enterprises. It is evident that count I requires proof of the elements of a conspiracy, while the other counts do not. The various counts therefore are not multiplicitous.

■ Messrs. Wills and Gaertner also claim that counts II, IV, VIII, and X improperly fractionate a continuous course of conduct among several counts. I disagree. On the face of the indictment it appears that these counts charge violations of § 1952(a)(3) by different individuals at different times.

■ The defendant Jenich makes a similar argument as to counts I, III, V, and VI. Because count I charges conspiracy, and the other counts named charge possession with intent to distribute and aiding the distribution of marijuana, they are not, as stated above, multiplicitous. The government is not obliged to charge separate incidents of possession and distribution of marijuana, allegedly performed at different times by some different defendants, as one offense. Counts III, V, and VI are thus not multiplicitous. *United States v. Santore*, 290 F.2d 51 (2d Cir. 1960).

The motions of Messrs. Wills, Gaertner, and Jenich to dismiss or elect will therefore be denied.

## III. MOTION TO DISMISS COUNT XII

■ Thomas Gaertner has also moved to dismiss count XII, which charges him with engaging in and supervising a continuing criminal enterprise, in violation of 21 U.S.C. § 848. He argues that this section is directed toward serious involvement with heroin and cocaine, but not with marijuana, with which he is charged.

The language of § 848 belies Mr. Gaertner's contention. That statute prohibits any person from "engag[ing] in a continuing criminal enterprise". One who violates 21 U.S.C. § 841(a)(1), or 18 U.S.C. § 1952 and meets other enumerated requirements

is "engage[d] in a continuing criminal enterprise" within the meaning of § 848. The defendant does not claim that activities involving marijuana may not be the subject of prosecutions under § 841 or § 1952. Nothing in § 848 suggests that it does not encompass § 841 or § 1952 prosecutions involving marijuana. I accordingly reject the defendant's contention and will deny his motion to dismiss count XII.

## IV. MOTION TO DISMISS COUNT I

George Jenich has moved to dismiss the conspiracy count of the indictment against him. He notes that he is also charged in *United States v. Lupo*, CR75–732–TUC (pending United States District Court, district of Arizona), as a participant in a conspiracy to violate 21 U.S.C. § 841. He argues that count I of the instant indictment places him twice in jeopardy for the same offense. Since the government represents that Mr. Jenich will be dismissed as a defendant in the *Lupo* case, it is unnecessary to resolve his motion, and it will be dismissed.

## V. MOTION TO DISMISS INDICTMENT

Gerald Wills has moved to dismiss the indictment against him on the ground that it is vague and uncertain. He has failed to point out which counts or parts thereof suffer from this alleged defect. I have examined the indictment and find that it is not vague and uncertain, as Mr. Wills suggests. His motion to dismiss will therefore be denied.

## VI. DISCOVERY

■ The defendants Jenich, Wills, and Gaertner have moved for discovery and inspection of various matters and have made various general and specific demands of the government for exculpatory evidence. The government has responded that it is adhering to its open file policy in this action and that it intends fully to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *United States v. Agurs*, 427 U.S. 97, 96

S.Ct. 2392, 49 L.Ed.2d 342 (1976). No defendant has suggested in reply that the government's disclosure has been inadequate. The defendants' discovery motions are therefore moot and will be dismissed.

## VII. BILL OF PARTICULARS

■ Gerald Wills and George Jenich have each moved for a bill of particulars. Essentially they seek detailed information from the government regarding the conspiracy charged in count I of the indictment. A bill of particulars may not be employed to discover the government's case, and in my opinion the demands of the defendants Wills and Jenich attempt to do so. The motions for a bill of particulars will be denied.

## VIII. GRAND JURY TRANSCRIPTS

■ The defendants Jenich and Wills have moved for production of the testimony of witnesses who appeared before the grand jury regarding this action. In addition, Mr. Jenich seeks copies of all documents submitted to the grand jury. The government, concurring in the suggestion of Gerald Wills, has agreed that two weeks prior to trial, it will produce transcripts of grand jury testimony for persons designated as government trial witnesses. The defendants have not suggested that this proposal is inadequate or that it fails to meet their demands. Their motions accordingly are now moot and will be dismissed.

## IX. ELECTRONIC SURVEILLANCE

■ Thomas Gaertner has moved for disclosure of "any and all instances of any and all types of electronic surveillance" upon him. He and Mr. Wills also request disclosure of any evidence therefrom. In response the government requests that the defendants "supply the government with a list of all telephone numbers of the defendants and any other parties that they believe might have been tapped. . . ." Although the defendants indicate no objection to such a procedure, under 18 U.S.C. § 3504 the government is obligated to "affirm or

deny" the existence of illegal electronic surveillance merely on the defendants' assertion that such surveillance has occurred. *United States v. Toscanino*, 500 F.2d 267, 281 (2d Cir. 1974). The defendants may accept the government's offer and supply telephone numbers, but the government will in any event be obligated to "affirm or deny" the existence of unlawful surveillance in the form required under 18 U.S.C. 3504 and *Korman v. United States*, 486 F.2d 926 (7th Cir. 1973). Since the government has not confirmed the existence of electronic surveillance, it is now premature to rule on the defendants' application for disclosure of evidence obtained therefrom. I will order the government to meet its obligation to "affirm or deny" as to all defendants by May 25, 1977. The defendants should serve and file any motions for disclosure of evidence relating to electronic surveillance activities by June 1, 1977. Accordingly, the motion for disclosure of the existence of electronic surveillance will be granted, and the motions for disclosure of evidence from such surveillance will be denied without prejudice.

## X. INVESTIGATOR

■ Thomas Gaertner has moved for the appointment of an investigator and waiver of the $300 statutory maximum fee, pursuant to 18 U.S.C. § 3006A(e)(1). That statute provides that upon finding that investigative services "are necessary" and that the defendant is financially unable to obtain them, the court must authorize such services. Mr. Gaertner is represented in this action by appointed counsel Paul Feldner, and I now find that he has met the statute's financial requirement. With respect to the other requirement, he suggests in a conclusory manner that improper procedures were followed by the grand jury, necessitating an investigator's services. I am not persuaded that this statement amounts to the requisite showing of necessity in view of *United States v. Annerino*, 495 F.2d 1159 (7th Cir. 1974), and *United States v. Addington*, 471 F.2d 560 (10th Cir. 1973).

■ However, because Mr. Gaertner is named in every count of this 12-count indictment, and because the case is complex, I will authorize investigative services for Mr. Gaertner. Since § 3006A(e)(3) provides that the $300 maximum may be waived only "as necessary to provide fair compensation for services of an unusual character or duration," I decline to authorize the requested waiver in the absence of the showing required by the statute. Such a waiver also must be approved by the chief judge of this circuit. § 3006A(e)(3). The request for investigative services will be granted, and the request for waiver of the statutory maximum fee will be denied without prejudice. Although Mr. Wills has joined in this motion, he must *separately* meet the requirements of § 3006A(e)(1) before an investigator will be appointed to assist his trial preparation.

## XI. ENLARGEMENT OF TIME

The defendants Jenich, Wills and Gaertner have moved for enlargements of time to file additional motions resulting from the disposition of the instant motions. In view of my disposition of the pending motions, I believe that the applications for enlargement of time should be denied.

## CONCLUSION

Therefore, IT IS ORDERED that the motions of the defendants Cyrus, Wills, Barber, and Jenich for severance be and hereby are denied.

IT IS ALSO ORDERED that the motions of the defendants Wills, Gaertner, and Jenich to dismiss various counts of the indictment as multiplicitous be and hereby are denied.

IT IS FURTHER ORDERED that the defendant Gaertner's motion to dismiss count XII be and hereby is denied.

IT IS FURTHER ORDERED that the defendant Jenich's motion to dismiss count I be and hereby is dismissed.

IT IS FURTHER ORDERED that the defendant Wills' motion to dismiss the indictment against him be and hereby is denied.

810

IT IS FURTHER ORDERED that the discovery demands of the defendants Jenich, Wills, and Gaertner be and hereby are dismissed.

IT IS FURTHER ORDERED that the motions of the defendants Wills and Jenich for a bill of particulars be and hereby are denied.

IT IS FURTHER ORDERED that the motions of the defendants Jenich and Wills for grand jury materials be and hereby are dismissed.

IT IS FURTHER ORDERED that the defendant Gaertner's motion for disclosure of electronic surveillance be and hereby is granted and that the motions of the defendants Gaertner and Wills for disclosure of evidence obtained from such surveillance be and hereby are denied without prejudice. The government must affirm or deny, as to all defendants, the existence of unlawful surveillance not later than May 25, 1977. The defendants should serve and file any motions respecting such surveillance by June 1, 1977.

IT IS FURTHER ORDERED that the defendant Gaertner's motion for appointment of an investigator be and hereby is granted. The defendant is directed to submit the name of said investigator by May 16, 1977. The defendant's motion for waiver of the statutory maximum fee for the investigator be and hereby is denied, without prejudice.

IT IS FURTHER ORDERED that the motions of the defendants Jenich, Wills, and Gaertner for enlargements of time be and hereby are denied.